UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOSE ROBERTO GARCIA,

Petitioner,

v.

JEREMY CASEY, in his official capacity as Warden of Imperial Regional Detention Facility, et al.,

Respondents.

Case No.: 26cv6159-LL-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

[ECF No. 1]

Presently before the Court is Petitioner Jose Roberto Garcia's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Respondents filed a Response [ECF No. 4], and Petitioner filed a Traverse [ECF No. 5]. For the reasons set forth below, the Court **GRANTS** the Petition.

## I. BACKGROUND

Petitioner is a citizen of El Salvador, who entered the United States without inspection around November 2008. Pet. ¶ 1. Since then, Petitioner has continuously lived in Miami, Florida. *Id.* ¶ 1, 15. He "has been gainfully employed [with a valid work authorization], contributed to his community, and started a family." *Id.* ¶¶ 1, 3. He is the

father of a U.S. citizen child, Ashley Belen Gracia Mesa. *Id.* Petitioner alleges in relevant part:

> Petitioner notified DHS of his presence in the United States by applying for [a]sylum on August 3, 2024. USCIS then issued their standard receipt notice indicating [‘]You may remain in the U.S. until your asylum application is decided.[’]. On June 27, Petitioner was in a car with coworkers. They stopped for gas and coffee. Respondents blocked the vehicle in with three patrol vehicles, lights on, they took Petitioner’s wallet and searched it. Petitioner had his work authorization on him and Respondents took it from him and stated that it was not approved. The Petitioner cooperated for his safety. Petitioner was taken into custody and then transferred to various detention facilities until finally Respondents allowed him to remain at the Imperial Valley Regional Detention Facility.

*Id.* ¶¶ 16-18. Petitioner further alleges:

> Here, Petitioner was [in] a passenger vehicle stopped in Miami, Florida, on June 27, 2026. According to the government’s Form I-213, officers were conducting surveillance of another individual when they encountered Petitioner. The report indicates that Petitioner was questioned, identified himself, and was taken into ICE custody without incident. It does not identify particularized facts demonstrating that Petitioner was likely to escape before officers could obtain an administrative arrest warrant. Petitioner maintains that his arrest was therefore not merely procedurally irregular but an arbitrary exercise of executive detention authority. His subsequent bond hearing did not necessarily resolve the distinct question whether his initial seizure was lawful or whether his continued detention is constitutionally justified.

Traverse at 6.

On October 29, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner seeks a writ of habeas corpus directing Respondents to immediately release him from custody. *Id.*

## II. LEGAL STANDARD

A writ of habeas corpus is “available to every individual detained within the United States.” *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). “The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court may grant a writ of habeas corpus to a petitioner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'").

## III. DISCUSSION

In his Petition, Petitioner claims that his arrest was unlawful because his arrest violated due process and the Fifth Amendment. Pet. Petitioner also "contends that his arrest was arbitrary, warrantless, and in violation of the Fifth Amendment's Due Process Clause because immigration officers seized him during an ordinary trip to work without demonstrating that the statutory prerequisites for a warrantless immigration arrest had been satisfied." Traverse at 6. Petitioner states that "8 U.S.C. § 1357(a)(2) permits an immigration officer to arrest a noncitizen without a warrant only when the officer has reason to believe that the individual is unlawfully present and is likely to escape before a warrant can be obtained." *Id.* In their Response, Respondents contend that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)" and "able to request a bond hearing before an immigration judge," rendering his claims moot. ECF No. 4 at 1-2. Respondents further argue that Petitioner "received a bond hearing on August 5, 2026" and "must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court." *Id.* at 2-3.

### A. Mootness

"The doctrine of mootness ensures a federal court presides only over those actions that present 'a case or controversy under Article III, § 2 of the Constitution.'" *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1158 (S.D. Cal. 2025) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." *S. Or. Barter Fair v. Jackson*

*Cnty.*, 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" *Wild Wilderness v. Allen*, 871 F.3d 719, 724 (9th Cir. 2017) (quoting *Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006)). "The mere fact that a bond hearing **can be** scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot[.]"*Cortez Trujillo v. Marquardt*, No. 26-CV-04665-LEK-MSB, 2026 WL 2906033, at *2 (S.D. Cal. Sep. 25, 2026) (emphasis in original).

Here, Respondents argue Petitioner's claim is moot because he "had a bond hearing under 8 U.S.C. § 1226(a) [which was denied]" and "already received the relief he is entitled to" and "there is no further controversy for this Court to resolve." ECF No. 4 at 2. However, as Petitioner asserts in the operative pleadings, a bond hearing under 8 U.S.C. § 1226(a) does not provide the proper remedy for the violation of a warrantless arrest because "Petitioner seeks release from unconstitutional confinement, not merely the scheduling of a bond hearing." *See* Pet.; *see also* Traverse at 8; *see also Diaz Escalante v. LaRose*, No. 26-CV-04259-LEK-AHG, 2026 WL 2364792, at *4 (S.D. Cal. Aug. 18, 2026). Because Petitioner is still detained and contests the lawfulness of his warrantless arrest, the Court finds that his Petition is not moot.

**B. Exhaustion**

Next, Respondents claim that "as Petitioner had a bond hearing under 8 U.S.C. § 1226(a), he must exhaust his administrative remedies before an immigration judge and the Board of Immigration Appeals before seeking relief before this Court." Traverse at 2. The Court disagrees.

There is no statutory requirement under 28 U.S.C. § 2241 to exhaust administrative remedies before filing a petition for a writ of habeas corpus. *See Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004) (citation omitted). But the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Id.* (alteration in original) (citation omitted). A court has discretion to waive a prudential exhaustion requirement. *Id.* Such exceptions

include situations "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted). A petitioner seeking to waive the prudential exhaustion requirement must show that at least one of the *Laing* factors applies. *See Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018).

The Court finds that Petitioner has met his burden to show that pursuit of administrative remedies would not provide him with an adequate or effective means of obtaining the relief he seeks. In a bond hearing under 8 U.S.C. § 1226(a), an immigration judge's ("IJ") scope is limited to determining a noncitizen's danger to the community or risk of flight. *See Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) ("Under Subsection A—the default detention provision—a noncitizen is entitled to a bond hearing at which the IJ considers whether the noncitizen is a flight risk or a danger to the community." (citations omitted)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); 8 C.F.R. §§ 236.1(d)(1), 1003.19, 1236.1(d)(1). Here, Petitioner challenges the statutory authority for his arrest and detention based on the Immigration and Naturalization Act's ("INA") warrant requirement. *See generally* Pet and Traverse. "A post-hoc bond hearing where the [IJ] would only consider [a petitioner's] potential flight risk or danger to the community would not cure the harm alleged here—i.e., arrest and detention without a warrant." *Barrientos v. Moss*, No. 1:26-CV-05943-NW, 2026 WL 2283034, at *2 (E.D. Cal. Aug. 7, 2026). Accordingly, the Court waives prudential exhaustion and turns to the merits of Petitioner's Petition.

**C. Warrantless Arrest Under Section 1226(a)**

Petitioner alleges that "his arrest was arbitrary, warrantless, and in violation of the Fifth Amendment's Due Process Clause because immigration officers seized him during an ordinary trip to work without demonstrating that the statutory prerequisites for a warrantless immigration arrest had been satisfied. Specifically 8 U.S.C. § 1357(a)(2)

permits an immigration officer to arrest a noncitizen without a warrant only when the officer has reason to believe that the individual is unlawfully present and is likely to escape before a warrant can be obtained." Traverse at 6. The Government is silent on this issue. *See generally* ECF No. 4.

As a threshold matter, it is undisputed that Petitioner is subject to the discretionary detention procedures of 8 U.S.C. § 1226(a) because he is a noncitizen "present without admission who [was] apprehended in the interior of the United States[.]" *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026); *see also* ECF No. 4 at 1–2. Accordingly, the Court turns to Petitioner's contention that he is entitled to immediate release. Pet. at 13.

Section 1226(a) provides, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Section 1357 limits the power immigration authorities may exercise to execute a warrantless arrest:

> Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power *without warrant* . . . to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, *or* to arrest any alien in the United States, *if* he has *reason to believe* that the alien so arrested is in the United States in violation of any such law or regulation *and* is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States.

8 U.S.C. § 1357(a)(2) (emphasis added). "The 'reason to believe' requirement is the equivalent of 'the constitutional requirement to probable cause.'" *M-J-M-A- v. Hermosillo*, 822 F. Supp. 3d 1147, 1172 (D. Or. 2026) (quoting *Tejeda-Mata v. Immigr. Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980)). The corresponding implementing regulation is 8 C.F.R. § 287.8, which further demands "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to

escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). The regulation also provides that "[w]ith respect to an alien arrested and administratively charged with being in the United States in violation of law, the arresting officer *shall* adhere to the procedures set forth in 8 CFR 287.3 *if the arrest is made without a warrant*." 8 C.F.R. § 287.8(c)(2)(iv) (emphasis added).

Following a warrantless arrest, 8 C.F.R. § 287.3(a) provides that "[a]n alien arrested without a warrant of arrest under the authority contained in section 287(a)(2) of the Act will be examined by an officer other than the arresting officer." 8 C.F.R. § 287.3(a). Section 287(a)(2) is codified as 8 U.S.C. § 1357(a)(2). Upon arresting a noncitizen without a warrant:

> a determination will be made *within 48 hours of the arrest*, except in the event of an emergency or other extraordinary circumstance in which case a determination will be made within an additional reasonable period of time, whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued.

8 C.F.R. § 287.3(d) (emphasis added). Thus, when an immigration officer conducts a warrantless arrest "under the authority contained in section 287(a)(2) of the Act," he or she then has forty-eight hours—with some exceptions—to determine whether the noncitizen is going to be released or detained. *Id.*

Several district courts in the Ninth Circuit have found that a warrant issued within the forty-eight-hour window does not cure an *unlawful* warrantless arrest—i.e., a warrantless arrest made without adhering to 8 U.S.C. § 1357(a)(2). *See Diaz Escalante*, 2026 WL 2364792, at *4 (finding that—despite an administrative warrant issued the same day as the petitioner's arrest—there was "ample evidence to support the inference that [the petitioner] was not likely to escape before a warrant could be obtained"); *Castro Chivalan v. LaRose*, No. 26-CV-04258-LEK-SBC, 2026 WL 2546609, at *5 (S.D. Cal. Aug. 27, 2026) (same); *see also M-J-M-A v. Hermosillo*, 822 F. Supp. 3d 1147, 1179 (D. Or. 2026) (concluding that "an arrest must be based on information known to the officers *at the time*

*of the arrest* and particular to the person to be arrested." (emphasis added)); *Martinez Alaniz v. Slaughter*, No. CV-26-280-GF-BMM, 2026 WL 3091261, at *3 (D. Mont. Oct. 7, 2026) ("'[A] custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued *post hoc*,' when arrests properly are made without a warrant based on an authorized officers' perception of likely escape." (quoting *Makuiza v. Wesling*, 826 F. Supp. 176, 180 (D. Me. 2026))).

There is nothing in the record before the Court regarding whether a post-hoc warrant was issued upon Petitioner. Even if one had been issued, the Court agrees with the reasoning in *M-J-M-A*, *Diaz Escalante*, and *Castro Chivalan*.[1] Section 1357(a)(2) requires both that the arresting immigration officer have "reason to believe" that the noncitizen is (1) unlawfully present in the United States, *and* (2) likely to escape *before* a warrant can be obtained. *See* 8 U.S.C. § 1357(a)(2) (emphasis added); *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) ("Section 1357(a)(2) requires that the arresting officers reasonably believe that the alien is in the country illegally *and* that [the noncitizen] 'is likely to escape before a warrant can be obtained for [his or her] arrest.'" (emphasis in original)); *M-J-M-A*, 822 F. Supp. 3d at 1172 ("Together, these standards mean that an immigration officer can know for *certain* that someone is present in violation of immigration laws, and *still* does not have authority to arrest them without a warrant or an

---

[1] The Court recognizes it has previously noted generally that "8 U.S.C. § 1357(a)(2) authorizes warrantless arrests and 8 C.F.R. § 287.3(d) provides the government forty-eight hours to issue a warrant if it determines that the noncitizen will remain in custody." *Villanueva Gonzalez v. Larose*, 26cv3180-LL-VET, 2026 WL 2076145, at *1 (S.D. Cal. July 17, 2026); *see also Garcia-Juarez v. Blanche*, No. 26cv3007-LL-DEB, ECF No. 18 at 3 (S.D. Cal. June 30, 2026) (same). However, in light of the Ninth Circuit's subsequent holding in *Rodriguez Vazquez*, which made clear that noncitizens arrested in the interior of the United States are subject to the procedures set forth in 8 U.S.C. § 1226(a), the Court disagrees that a post hoc warrant issued within forty-eight hours can cure a warrantless arrest that does not comply with 8 U.S.C. § 1357(a)(2).

individualized probable cause determination that the individual is 'likely to escape before a warrant can be obtained.'" (emphasis in original) (quoting 8 C.F.R. § 287.3(c)(2)(ii))).

Assuming—without deciding—that the arresting officer had probable cause to believe Petitioner was unlawfully present in the United States, the record before the Court lacks any evidence that the agent conducting surveillance and an arrest of an individual who happened to be in Petitioner's car had any "reason to believe" Petitioner was "likely to escape" before an administrative warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2). In fact, the evidence supports the opposite conclusion. Since 2008, Petitioner has continuously resided in the United States, built a life for himself, has been gainfully employed, contributed to his community, started a family (he is the father of a U.S. citizen child), has a pending asylum application, and a valid work permit. Pet. ¶ 1; *see also* Traverse. Additionally, ICE was not aware of, nor were they in search of Petitioner when they encountered him in the vehicle, but were apparently conducting surveillance of someone else in Petitioner's vehicle. Traverse at 6. Thus, the only basis for arresting Petitioner was Respondents' apparent belief that he was unlawfully present in the United States. But the "belief that Petitioner was present in the United States unlawfully does not in and of itself result in an assumption that Petitioner was likely to escape before Respondents could obtain a warrant." *Diaz Escalante*, 2026 WL 2364792, at *4 (citing *A.B.D. v. Wamsley*, No. 25-CV-02014-AA, 2026 WL 178306, at *12 (D. Or. Jan. 22, 2026)). Therefore, Respondents' warrantless arrest of Petitioner did not satisfy the two statutory requirements under Section 1357(a)(2) and was unlawful.

Respondents are silent on Petitioner's warrantless arrest argument and the Court finds that Petitioner's warrantless arrest violates 8 U.S.C. § 1357(a)(2) and, thus, does not justify his continued detention. Because providing Petitioner a bond hearing would not cure or remedy the violation of an unlawful warrantless arrest and detention Petitioner has already suffered as a result, the Court is persuaded that immediate release is the appropriate remedy. *See, e.g.*, *Diaz Escalante*, 2026 WL 2364792, at *4 (ordering immediate release); *Qu v. Janecha*, No. 5:26-CV-05419-CTS, 2026 WL 3034853, at *5 (C.D. Cal. Oct. 9,

2026) (same); *Mejia v. Warden*, No. ED CV 26-5705-E, 2026 WL 3019449, at *2 (C.D. Cal. Oct. 7, 2026) (same); *Pang v. Warden*, No. 26-CV-05047-LEK-JLB, 2026 WL 2925852, at *5 (S.D. Cal. Sep. 29, 2026) (same); *Gomez v. Wofford*, No. 1:26-CV-05299 (VC), 2026 WL 2065708, at *2–3 (E.D. Cal. July 16, 2026) (same).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Petitioner's Petition for a Writ of Habeas Corpus and **ORDERS** that Respondents immediately release Petitioner from custody. The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated: November 23, 2026

Honorable Linda Lopez
United States District Judge